IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>DEAN BALDWIN,<br><br>        Defendant. | 4:16-CR-3060<br><br>MEMORANDUM AND ORDER |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 45) filed by the defendant, Dean Baldwin, alleging ineffective assistance of counsel. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is

entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

The defendant's sole claim is that his trial counsel was ineffective in failing to file a notice of appeal. Specifically, he alleges that counsel did not file a notice of appeal "in contradiction of the defendant's wishes and requests." Filing 45 at 4.

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *Sellner*, 773 F.3d at 930. Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so. *Id.*

For such a claim to succeed, the defendant must show that he manifestly instructed his counsel to file an appeal. *Walking Eagle v. United*

*States*, 742 F.3d 1079, 1082 (8th Cir. 2014). Here, the defendant's allegation of his "wishes and requests" to appeal can be charitably characterized as threadbare. But it does suggest that he asked his counsel to file a notice of appeal. *Compare Watson v. United States*, 493 F.3d 960, 962 (8th Cir. 2007).

A bare assertion by the petitioner that he made a request to appeal is not by itself sufficient to support a grant of relief, if evidence that the factfinder finds to be more credible indicates the contrary proposition. *Walking Eagle*, 742 F.3d at 1082. But that requires evidence, so the Court cannot resolve this claim without an evidentiary hearing. *Sellner*, 773 F.3d at 930.

The defendant has also filed a motion for leave to proceed in forma pauperis (filing 46). That motion will be denied as moot, because there is no fee for filing a § 2255 motion. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3 advisory committee's note.

IT IS ORDERED:

1. The Court will hold an evidentiary hearing on the claim that the defendant received ineffective assistance of counsel when his counsel did not file an appeal.

2. The Clerk of the Court shall mail a copy of this order to the defendant at his address of record.

3. The Court will authorize the appointment of counsel for the defendant by a separate order. The Clerk shall provide a copy of this order to defendant's new counsel, upon their appointment.

4. Upon receipt of this order and the order of appointment, counsel for the defendant shall enter an appearance in this action. Upon entering an appearance, counsel for the defendant shall confer with the Assistant United States Attorney, and the parties shall contact the office of the Magistrate Judge to schedule an evidentiary hearing. The parties shall also confer and advise the Magistrate Judge whether they wish to file any pre-hearing briefs or evidentiary materials.

5. The defendant's § 2255 motion (filing 45) is referred to the Magistrate Judge.

6. The defendant's motion for leave to proceed in forma pauperis (filing 46) is denied as moot.

Dated this 27th day of October, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge