IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DEAN L. BALDWIN,<br><br>　　　　　Defendant. | **4:16CR3060**<br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the court on Defendant's motion to vacate under 28 U.S.C. § 2255. Pursuant to Judge Gerrard's memorandum and order, (Filing No. 47), the sole issue is whether defense counsel provided ineffective assistance of counsel by failing to file a requested notice of appeal. Because resolution of this issue required a credibility determination, United States v. Taylor, 258 F.3d 815, 818 (8th Cir. 2001), an evidentiary hearing was held on Defendant's claim before the undersigned magistrate judge on January 22, 2018. Defendant appeared in person and was represented by appointed counsel during the hearing. For the reasons discussed below, Defendant's motion should be denied.

FACTUAL FINDINGS

On April 20, 2016, an indictment was filed against Defendant alleging he knowingly received and distributed child pornography through the use of interstate commerce in violation of 18 U.S.C. 2252A(a)(2). (Filing No. 1). A written Rule 11(c)(1)(C) plea agreement was offered to Defendant. Under the terms of that proposed agreement, Defendant would agree to serve a 70-month prison sentence. Defense counsel discussed the plea agreement with Defendant,

and Defendant chose to reject it. (Filing No. 24, at CM/ECF pp. 13-14). Defendant was hoping for a 60-month sentence.

Defense counsel delayed setting a change of plea hearing so that Defendant would receive the benefit of anticipated sentencing law changes scheduled to become effective on November 1, 2016. Defendant completed a Petition to Enter a Plea of Guilty on August 4, 2016. (Ex.1), and his change of plea hearing was held on August 11, 2016. The guilty plea was accepted on September 6, 2016, (Filing No. 25), with sentencing scheduled for November 10, 2016.

In preparation for the sentencing hearing, the court's probation office prepared and distributed a draft presentence investigation report on September 27, 2016, which indicated the guideline range was 210 to 240 months in prison. (Ex. 2 at p. 14). On October 20, 2016, defense counsel moved for a variance from the sentencing guidelines, requesting a sentence of 60 months in prison. (Filing No. 27). With the changes to the sentencing law, on November 4, 2016, the court's probation office recommended a sentence of 151 months in prison. (Ex. 3 at p. 3). Ultimately, Defendant received a 68-month sentence. (Filing No. 41).

At the close of the sentencing hearing, Defendant was advised of his right to appeal. He signed the written notice of his appeal rights. (Filing No. 40).

Defense counsel spoke with Defendant and his wife both before and after the sentencing hearing. During the discussion after the hearing, defense counsel explained that where, as in this case, the sentencing judge imposes a lower sentence in variance from the sentencing guidelines, an appeal would serve no

purpose. That is, while the Eighth Circuit would not increase Defendant's sentence on appeal, it also would not lower the sentence any further.

Defendant never asked defense counsel to file an appeal, either during their post-sentencing meeting or within 14 days following the entry of judgment.

## LEGAL ANALYSIS

"[C]ounsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255." Estes v. United States, 883 F.2d 645, 648 (8th Cir. 1989). A defendant seeking § 2255 relief "need not show that he was prejudiced by his attorney's failure to file a timely notice of appeal." Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992). However, the attorney must have been aware of the client's desire to appeal. "A bare assertion by the petitioner that he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." United States v. Luke, 686 F.3d 600, 606 (8th Cir. 2012) (citing Yodprasit v. United States, 294 F.3d 966, 969 (8th Cir. 2002)(quoting Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000)).

Defense counsel explained to Defendant that an appeal of the sentence would prompt a written and public decision explaining the basis for the sentence. Defendant did not want this public exposure of the conduct underlying his plea of guilty. Defense counsel stated an appeal would not result in a lower sentence; advice that was fully consistent with Eighth Circuit law. "Where, as here, a district court varies below a properly calculated Guidelines sentence, it is 'nearly inconceivable that the court abused its discretion in not varying downward still

3

further.'" United States v. Lundstrom, No. 16-1860, 2018 WL 475122, at *15 (8th Cir. Jan. 19, 2018) (quoting United States v. Deering, 762 F.3d 783, 787 (8th Cir. 2014)).

After explaining Defendant's appeal rights, defense counsel believed and noted in his records that Defendant did not want to file an appeal. And Defendant himself testified that he never specifically told his attorney to file an appeal. As such, based on the credible and largely undisputed testimony, Defendant has failed to show that his counsel provided ineffective assistance by failing to file an appeal as requested by Defendant.

IT THEREFORE HEREBY IS RECOMMENDED to John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Defendant's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (Filing No. 45), be denied.

Defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

January 23, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge